IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: JACK MAXVILL,<br><br>Petitioner. | Cause No. CV 20-08-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This matter comes before the Court on Petitioner Maxvill's demand for dismissal of a state prosecution and immediate release from custody.

On February 26, 2020, the Court ordered Maxvill either to pay the fill filing fee of $5.00 or to complete and file a motion to proceed in forma pauperis. *See* Order (Doc. 3).

On March 4, 2020, without complying with the Order of February 26, Maxvill filed two notices and a motion for emergency hearing regarding his medical care.

On March 5, 2020, the Court advised Maxvill that he could present his claims concerning medical care in a separate lawsuit and that the action in this case would concern only the validity of his pretrial custody or any pretrial conditional release. *See* Order (Doc. 8). Once again, the Court ordered Maxvill either to pay the fill filing fee of $5.00 or to complete and file a motion to proceed in forma

1

pauperis. The Court also ordered Maxvill to explain "why he believes the entire [state] prosecution was brought in bad faith and/or why he believes the prosecution has no realistic hope of obtaining a conviction." Order (Doc. 8) at 3 ¶ 2.

Also on March 5, 2020, the clerk received a check from Maxvill, via the Flathead County Detention Center, for $10.00. Because that was not the amount Maxvill was ordered to pay, the clerk returned the check.

On March 9, 2020, Maxvill filed a document he titled "Notice of Relief Requested with Brief in Support in Lawsuit" (Doc. 9) and a letter directed to the clerk (Doc. 9-1). On March 10, he filed a "Notice of Witness List and Brief in Support with Motion Asking Federal Court to Supercede the State Court and Release Maxvill" (Doc. 10) as well as two additional letters or notices to the Court and a copy of a grievance he submitted at Flathead County Detention Center concerning medical care (Docs. 11, 11-1).

The Court has reviewed everything Maxvill has submitted. Although he insists state authorities are acting in bad faith, he does not allege any fact supporting an inference that any state officer or employee knows or should know they are doing something wrong. If the information underlying the state charges is wrong or insufficient to meet the State's burden of proof, Maxvill will have an opportunity to defend himself in state court. He does not show that special

circumstances warrant this Court's intervention in any ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Brown v. Ahern*, 676 F.3d 899, 900–01, 903 (9th Cir. 2012); Order (Doc. 8) at 1–3 and 3 ¶ 2(a). This matter should be dismissed for failure to state a claim on which relief might be granted.

As explained in the Order of March 5, 2020, Maxvill may choose to pursue his allegations concerning medical care in a separate action. They are not relevant in this case and will not be addressed.

In addition, Maxvill has failed to move to proceed in forma pauperis and failed to pay the $5.00 filing fee. This matter should be dismissed.

A certificate of appealability is not warranted. Maxvill has not made a substantial showing that any of his constitutional rights has been violated. *See* 28 U.S.C. § 2253(c)(1).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED for failure to state a claim on which relief might be granted and for failure to pay the $5.00 filing fee.

2. Maxvill's motions seeking an emergency hearing (Doc. 5) and asking the federal court to supersede the state prosecution (Doc. 10) should be DENIED.

3. The clerk should be directed to enter by separate document a judgment of

dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Maxvill may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Maxvill must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of July, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.