IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re JACK MAXVILL,<br><br>Petitioner, | CV 20-08-M-DLC-KLD<br><br><br>ORDER |

On July 15, 2020 United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation recommending that Jack Maxvill's petition for writ of habeas corpus under 28 U.S.C. § 2241 be denied. (Doc. 12.) Maxvill does not object.[1] De novo review is only available for those portions of the Findings and Recommendation to which a petitioner specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto recommends dismissal of the petition for failure to state a claim on which relief may be granted and for failure to pay the filing fee. (Doc. 12

---

[1] The Findings and Recommendation sent to Maxvill was returned to sender. (Doc. 13.) Nevertheless, Maxvill was notified he needed to provide the Court with notice of change of address (Doc. 2 at 2) and had previously provided the Court with a change of address (*see* Doc. 4).

at 3.)  Additionally, Judge DeSoto found that under *Brown v. Ahern*, 676 F.3d 899, 900–01 (2012), any action taken by the Court at this point would amount to an injunction of ongoing state proceedings.  (*Id.*)

There is no clear error in Judge DeSoto's determinations.  This case does not present an "extraordinary circumstance" that would make it an exception to the general rule that federal courts do not interfere with state criminal proceedings.  (*Id.*)  Maxvill's petition fails to state a claim upon which relief may be granted because he failed to allege any fact supporting an inference the state is acting in bad faith or that irreparable injury will result.  Further, Maxvill failed to pay the $5.00 filing fee or proceed in forma pauperis.  (*Id.*)  Finally, there is no clear error in Judge DeSoto's conclusion that this case is clearly controlled by *Brown* and therefore a certificate of appealability should be denied.

IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 12) is ADOPTED in full.

1.  Maxvill's Petition (Doc. 1) is DISMISSED without prejudice.

2.  Maxvill's motions seeking an emergency hearing (Doc. 5) and asking the Court to supersede the state prosecution (Doc. 10) are DENIED.

3.  The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3.  A certificate of appealability is DENIED.

DATED this 1st day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court